UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARMEN D. BENITEZ,

                         Plaintiff,              06-CV-6162T

                 v.                              **DECISION
                                                 and ORDER**

JO ANNE B. BARNHART, Commissioner
of Social Security

                         Defendant.
_____

INTRODUCTION

     Plaintiff Carmen Benitez ("Benitez"), proceeding pro se,
brings this action pursuant to Title II of the Social Security Act,
§ 201 et. seq. (Codified at 42 U.S.C. § 401 et. seq.) claiming that
the Commissioner of Social Security improperly denied her
application for supplemental security income benefits and/or
disability benefits.  Specifically, Benitez alleges that the
Commissioner's decision was erroneous because it was not supported
by the substantial evidence contained in the record, or was legally
deficient.

     The Commissioner moves for judgment on the pleadings on
grounds that the ALJ's decision was correct, was supported by
substantial evidence, and was made in accordance with applicable
law.  Benitez has not opposed the defendant's motion.

BACKGROUND

     On May 3, 2004, plaintiff Carmen Benitez, at the time a 44
year old former nursing assistant, applied for Social Security

-Page 1-

disability benefits claiming that she had become unable to work as of May, 2004, due to depression, anxiety, and panic attacks. Plaintiff allegedly began suffering from these maladies following the murder of her sister.  Benitez' application for benefits was denied, as was her request for reconsideration.  Thereafter, plaintiff requested an administrative hearing which was held on June 30, 2005 before Administrative Law Judge ("ALJ") Craig De Bernardis.  By decision dated September 23, 2005, the ALJ denied plaintiff's application.  Thereafter, Benitez' appeal of the ALJ's decision to the Social Security Appeals Board was denied, and on March 22, 2006, plaintiff filed this action.

DISCUSSION

I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record.  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v NLRB, 305 U.S. 197, 229 (1938).  Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de

novo).  The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." <u>Lynn v. Schweiker</u>, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings.  <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639 (2d Cir. 1988).  If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. <u>See</u>, <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  Because the court determines that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

II.  <u>The Commissioner's decision to deny Plaintiff benefits is supported by substantial evidence on the record.</u>

The ALJ made the determination based on the evidence before him that plaintiff did not suffer from a disability under the Social Security Act.  A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d) (1991).  Specifically, the ALJ found that while plaintiff suffered from depression and anxiety-related disorders, those conditions did not rise to the level of an impairment under the Social Security Regulations.  In so holding, the ALJ properly performed the five-step sequential evaluation of plaintiff's condition to determine that plaintiff was not disabled. The ALJ properly determined that the plaintiff was not engaged in substantial gainful employment; that plaintiff's conditions other than depression and anxiety--either individually or in combination--were not severe conditions; that plaintiff's depression and anxiety-either alone or in combination with her other impairments-were not disabling; that plaintiff could no longer perform the functions of her previous employment, and that plaintiff retained the functional capacity to perform jobs that exist in significant numbers in the national economy.  In doing so, the ALJ properly evaluated the medical record, and gave appropriate weight to the opinions of plaintiff's treating physicians and examining physicians.  The ALJ also properly relied on the testimony of a vocational expert in determining that plaintiff retained the functional capacity to perform work such as a hand assembler. Because the ALJ's determination is based on the proper legal standards and is supported by the substantial evidence contained in the record, I grant defendant's motion for judgment on the pleadings.

<u>CONCLUSION</u>

For the reasons set forth above, I grant defendant's motion for judgment on the pleadings, and dismiss plaintiff's complaint with prejudice.


ALL OF THE ABOVE IS SO ORDERED.


S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          December 18, 2006